# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NOOK INDUSTRIES, INC.,** | : | Case No. 1:10-cv-265 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| **BARNES & NOBLE, INC.,** *et al.*, | : | <u>ORDER</u> |
| **Defendants.** | : | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 31). In the Motion, Plaintiff asks the Court to reconsider the portion of its November 23, 2010 Order (Doc. 30) bifurcating discovery between liability and damages. For the reasons that follow, this Motion is **DENIED**.

## I. RELEVANT BACKGROUND

On November 9, 2010, the parties informed the Court of a discovery dispute regarding certain discovery requests, and subsequently outlined their respective positions by letter. After reviewing the parties' letters, the Court, through one of its law clerks, conducted a telephone conference with the parties on November 18, 2010. During that conference, counsel for Defendants requested an order bifurcating liability discovery from discovery relating to damages. Plaintiff's counsel objected to bifurcation.

On November 23, 2010, the Court issued a written Order which: (1) addressed the particular discovery requests at issue; (2) ordered Defendants to respond to many, though not all, of the discovery requests to which they had objected; (3) granted bifurcation of discovery on grounds that it "serves the interests of judicial economy and efficiency, and will not cause prejudice to Plaintiff;" and (4) amended the case management plan to reflect bifurcation and changes in certain of the dates therein. (Doc. 30.)

Plaintiff filed this Motion for Reconsideration on December 7, 2010 (Doc. 31). Defendants filed a Memorandum in Opposition (Doc. 36), and Plaintiff submitted a Reply in Support (Doc. 37). As such, Plaintiff's Motion is now ripe for adjudication.

## II.    DISCUSSION

District courts have the inherent power to manage and control their own docket. *See ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010) ("[A] district court has broad discretion to manage its docket."). Accordingly, "[m]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). It is well-established, moreover, that the "decision whether to bifurcate discovery lies within the sound discretion of the trial court." *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-cv-491, 2010 U.S. Dist. LEXIS 106520, *2 (W.D. Ky. Oct. 5, 2010) (citing *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005)); *see also Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered.").

As noted, the Court previously granted Defendants' oral motion to bifurcate discovery. In its Motion for Reconsideration, Plaintiff first argues that it did not have an opportunity to raise arguments opposing bifurcation. To the contrary, however, counsel for Plaintiff objected to bifurcation during the telephone discovery conference where it was initially raised, and the Court specifically noted the objection in its Order granting bifurcation. (Doc. 30 at 1.)

Plaintiff then contends that bifurcation of discovery is not appropriate and will result in undue confusion and expense. Upon full review of Plaintiff's arguments, the Court finds that they are not well-taken. For the reasons articulated in Defendants' responsive briefing, as well as those

set forth in the Court's prior Order granting bifurcation, the Court finds bifurcation of discovery appropriate in this case. Separating liability and damages for purposes of discovery will promote judicial economy and efficiency, particularly because: (1) if Plaintiff's claims do not withstand scrutiny at the dispositive motion stage, discovery relating to damages would be unnecessary;[1] and (2) evidence relating to liability is not likely to overlap with evidence needed to establish damages, and thus the risk of duplication or delay is nominal. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc*., No. 02 C 2523, 2004 U.S. Dist. LEXIS 4698, *7 (N.D. Ill. Mar. 22, 2004) (bifurcating discovery on liability and damages in a copyright infringement case on grounds that it "will serve the goals of convenience, expedition and economy" and "evidence necessary to establish liability will nominally, if at all, overlap with evidence relating to damages and therefore the risk of duplication and delay is minimal"). The discovery already ordered by the Court will be more than sufficient for Plaintiff to assess any relevant questions of market saturation.

Accordingly, as stated in the Court's November 23, 2010 Order, discovery shall proceed as to liability only. After the issue of liability is resolved, the parties may then proceed to damages discovery, if necessary.

Plaintiff also asks the Court to amend the Case Management Plan to extend the deadline for its expert report. That request is hereby **GRANTED**. Plaintiff's expert report shall be filed by April 30, 2011. Defendants' expert report is due by May 30, 2011, and dispositive motions as to liability shall be filed by June 20, 2011.

---

[1] To the extent the Court's prior Order can be read to require bifurcation at trial, that Order is hereby amended to clarify that only discovery is bifurcated, such that damages discovery will proceed, if appropriate, upon resolution of any motions for summary judgment.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 31) is **DENIED** and its request to alter the dates in the Case Management Plan is **GRANTED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY***

Dated: February 7, 2011

* *United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.*